alty proceedings overlapped,[8] the jury impermissibly "double-count[ed]" the aggravation. Brief for Appellant at 72.

As a preliminary observation, we note, however, that "counting" of aggravators is relevant only for purposes of the initial eligibility process, in which eligibility for the death penalty is established upon the finding of any single aggravator. *See* 42 Pa.C.S. § 9711(c)(1)(iv). The remaining assessment, if mitigation also is found, entails a weighing—not a counting—process. *See, e.g., Commonwealth v. Reyes,* 600 Pa. 45, 53–54, 963 A.2d 436, 441–42 (2009). Notably, the jury at Appellant's trial was so instructed, consistent with the governing law. *See* N.T., May 7, 2013, at 238.

In any event, as the Commonwealth observes, Appellant did not lodge a relevant objection at trial and, therefore, any residual concerns about this issue must await post-conviction review. *See* Pa.R.A.P. 302(a).

## IV. Statutory Review

■ At this stage, we are required to affirm Appellant's capital judgment of sentence unless we find it to have been the product of passion, prejudice, or any other arbitrary factor, or that the Commonwealth's evidence does not support at least one aggravating factor. *See* 42 Pa.C.S. § 9711(h)(3). After reviewing the record, we are persuaded that the sentence imposed upon Appellant was not the product of passion, prejudice, or any other arbitrary factor, but rather, resulted from the evidence that Appellant deliberately and maliciously killed the victims, as well as the jurors' appropriate service of their function in capital litigation per the gov-

erning statutory scheme. Finally, the evidence plainly established both aggravating circumstances found by the jury, given the multiple killings involved. *See supra* note 8.

The judgment of sentence is affirmed, and the Prothonotary is directed to transmit the record to the Governor in accordance with Section 9711(i) of the Sentencing Code, 42 Pa.C.S. § 9711(i).

Justices BAER, TODD, DONOHUE and DOUGHERTY join the opinion.

Justice WECHT did not participate in the consideration or decision of this case.

In re Nomination Petition of Jess JOHNSON, Candidate for Representative in the General Assembly from the 192nd Legislative District at the April 26, 2016 Democratic Primary Election.

Appeal of Morgan Cephas.

Supreme Court of Pennsylvania.

April 8, 2016.

Kathleen Marie Kotula, PA Dept. of State, for Bureau of Commissions, Elections and Legislation, Participants.

---

8. The aggravators in question are set forth in Sections 9711(d)(10) and (11) of the Sentencing Code. *Compare* 42 Pa.C.S. §§ 9711(d)(10) (designating as an aggravating circumstance conviction of an offense for which a sentence of life imprisonment or death was imposable), *with id.* § 9711(d)(11) (specifying that conviction of another murder before or at the time of the offense in issue constitutes an aggravating circumstance).

Robert Thomas Vance Jr., Law Offices of Robert T. Vance, Jr., Philadelphia, for Morgan Cephas, Appellant.

Zachary Cryder Shaffer, Montoya Shaffer, LLC, for Jess Johnson, Appellee.

BEFORE: SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.

## ORDER

PER CURIAM.

AND NOW, this 8th day of April, 2016, the Order of the Commonwealth Court is hereby AFFIRMED.

■

**In re Nomination Petitions of Brian A. GORDON as a Democratic Candidate for Congress in the 2nd Congressional District.**

**Appeal of Pamela Gabell and John Packard.**

Supreme Court of Pennsylvania.

Submitted March 30, 2016.

Decided April 11, 2016.

Kathleen Marie Kotula, PA Dept. of State, for Kathleen Kotula, Participants.

Lawrence M. Otter, Harrisburg, Eric S. Steckerl, Collegeville, for John Packard and Pamela Gabell, Appellants.

Brian Anthony Gordon, Gordon & Ashworth, P.C., Philadelphia, pro se.

BEFORE: SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.

## ORDER

PER CURIAM.

AND NOW, this 11th day of April, 2016, the Order of the Commonwealth Court is **AFFIRMED.**

■

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Preston STROMAN, Petitioner.**

No. 24 EM 2016.

Supreme Court of Pennsylvania.

April 15, 2016.

## ORDER

PER CURIAM.

AND NOW, this 15th day of April, 2016, the Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* and the Petition for Appointment of New Counsel are **GRANTED.**

This matter is **REMANDED** to the Court of Common Pleas of Philadelphia County, which is directed to appoint new counsel within 45 days. A Petition for Allowance of Appeal shall be filed within 30 days of new counsel's appointment.

